IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JON TANIS**                                                                                    **PLAINTIFF**

vs.                                              No. 1:20-cv-1202

**AUSTIN PRIVATE CAR SERVICE, CORP.,**                          **DEFENDANTS**
**BRAD STEVENS and W. JOHN WAARA**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jon Tanis ("Plaintiff"), by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Austin Private Car Service, Corp., Brad Stevens and W. John Waara (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2.    Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

5. Plaintiff is an individual and resident of Williamson County.

6. Separate Defendant Austin Private Car Service, Corp. ("APCS"), is a domestic, for-profit corporation.

7. APCS's registered agent for service of process is Brad Lee Stevens at 2631 Eastwood Lane, Round Rock, Texas 78664.

8. Separate Defendant Brad Stevens ("Stevens") is an individual and resident of Texas.

9. Separate Defendant W. John Waara ("Waara") is an individual and resident of Texas.

10. Defendants maintain a website at https://www.atxprivatecarservice.com/.

## IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Stevens is a principal, director, officer, and/or owner of APCS.

13. Stevens took an active role in operating APCS and in the management thereof.

14. Stevens, in his role as an operating employer of APCS, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Stevens, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16. Stevens acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Waara is a principal, director, officer, and/or owner of APCS.

18. Waara took an active role in operating APCS and in the management thereof.

19. Waara, in his role as an operating employer of APCS, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

20. Waara, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

21. Waara acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be

transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

24. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

25. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

26. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

28. Plaintiff was employed by Defendant as a Chauffeur from March of 2019 until November of 2020.

29. Plaintiff was classified as an hourly employee, nonexempt from the overtime requirements of the FLSA until around January of 2020.

30. Around January of 2020, Defendant began paying Plaintiff a salary rather than an hourly wage, and classified him as exempt from the FLSA.

31. Plaintiff's duties as salaried employees were the same as when he was an hourly employee. In other words, his duties did not change when he was re-classified as a salaried employee.

32. Plaintiff remained a salaried employee from January of 2020 until his employment was terminated in November of 2020.

33. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

34. Plaintiff's primary job duty was chauffeuring Defendant's customers, but he also occasionally took Defendant's vehicles in to be serviced.

35. Plaintiff regularly drove vehicles not under the jurisdiction of the Secretary of the Department of Transportation.

36. Plaintiff did not have a commercial driver's license.

37. Plaintiff did not have the authority to hire or fire any other employee, nor were his recommendations for hiring or firing given particular weight.

38. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

39. Plaintiff's primary duties involved repetitive, rote or mechanical tasks which were subject to close review and management.

40. Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

41. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

42. Plaintiff regularly worked over forty hours per week.

43. Plaintiff estimates he worked approximately 43 hours per week.

44. During the time Plaintiff was classified as a salaried employee, Defendant did not pay Plaintiff 1.5x his regular rate of pay for hours worked over 40 per week.

45. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours he worked over forty per week.

46. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. CAUSE OF ACTION—VIOLATION OF THE FLSA

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

50. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

53. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

54. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jon Tanis respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JON TANIS**

SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com